WR-85,162-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/17/2016 2:27:35 PM
Accepted 6/20/2016 9:55:33 AM
ABEL ACOSTA
CLERK

STRITZINGER v WRIGHT                    IN THE CRIMINAL COURT OF APPEALS

AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
6/20/2016
ABEL ACOSTA, CLERK

An Appeal from 03-10-581-CV

**PETITION FOR WRIT OF MANDAMUS**

Petitioner, John S. Stritzinger requests the court order the Third Court of Appeals Texas to take oral Arguments on a Previous Mandate entered by the court for the following reasons:

1) Petitioner has been informed that one of the Judges on the Panel had a conflict of Interest with Appellee, and he would like a new panel assigned.

2) Petitioner was denied an oral argument on the Merits which is the Standard of Review of Evidence in the Federal Domain which he believes would take him just a few minutes to strike the original order.

3) Petitioner informs the court that the testimony of both Iris Ramos and Dr. Susan McMillan which was used to establish the original trial court order was in fact invalid for the following reasons:

   a) Dr. Susan McMillan was not present for the events she described, and therefore her affidavit is hearsay and inadmissible under the Texas Rules of Evidence.

   b) Furthermore the same affidavit(Dr. McMillan) was not served prior to the hearing as also required and would have been struck if the setting itself was not invalid and it was not conducted ex-parte. (A Motion to Strike was not possible)

   c) Dr. McMillan signing an affidavit when she was and is in fact a professional expert who practices in Travis County showed her bias as Ms. Wright's personal expert after a trial where just months earlier she told the court the children were doing excellently.

   d) Petitioner's Cause was assigned to the Central Docket after the court granted him a license to practice law in 2007, therefore ex-parte hearings with an Associate Judge which are allowed only for emergencies for un-represented counsel is not allowed.

   e) Ms. Iris Ramos was later perjured on her expert testimony where she admitted on the Record in November of 2011 that she was neither qualified to provide the recommendations she did, nor did she do a home evaluation as required under the law to make a major change in physical custody. Furthermore, Ms. Iris Ramos in performing her duties committed insurance fraud, and did not perform the job she was ordered to do by both the Associate Courts, or the District Court. As a result, her testimony and the previous orders of the court should be weighted to less than zero.

   f) Neither Ms. Ramos, nor Dr. McMillan's testimony is admissible, and therefore Petitioner believes Mr. James Richardson should be sanctioned for violations of the rules. Mr. Richardson claims to be a board certified practioner, and was personally served by Judge Dietz of the 250th District Court that our cause was set on the Central Docket for any issue on the merits. Petitioner understands from time to time scheduling orders on

an emergency basis can be arranged on agreement with a District Emergency Judge but only in a contested manner.

g) Petitioner requests the court overturn the order, and restore the Final Order of the Court Dated January 6th, 2010 as represented by 03-10-455-CV this court's own mandate on an expedited basis. This court does in fact control the primary order regarding custody.

h) Judge Andrew Hathcock had no jurisdiction as the case was retained by the 345th District Court, which was also illegal under the Texas Rules at the time. Only the Chief Judge can retain a case in Travis County, which bypasses the Texas Judicial Administration run by the Travis County Court Administrators.

Petitioner believes once the court reviews the Trial Court, and allows an Oral Argument, the Court will likely come to the same conclusion in less than thirty minutes that the Associate Court entered a Judgement which has caused significant harm to him personally and to his children. Petitioner notes the court allowed an ex-parte hearing against the Family of Petitioner who was at that point a Federal Judge with equal powers to FISA Judges for his corporation Bank of America. Petitioner believes the associate court was criminally negligent and is liable for Federal Kidnapping Statutes which was the net result. Travis County Domestic relations was not engaged by the District or Associate Courts at any time. Petitioner is seeking 5X his previous salary plus legal expenses to be ordered against Travis County, and a correction of his credit report within five days by the OAG's office.

**REQUEST FOR A BENCH WARRANT**

Petitioner seeks a Bench Warrant for Ms. Iris Ramos for Practicing Outside of Her License (Texas Administrative Code Title 22 Part 34), and for Insurance Fraud under Chapter 35 of the Texas Penal Code for double billing Aetna for her time which she was not licensed to do. Ms. Ramos billed Aetna Over $7500 for less than five hours of work over more than nine months along with additional funds from both parties. Ms. Ramos was a professional witness for Appellee and her invoices were admitted by the 345th District court along with her testimony in November of 2010. Ms. Ramos was both slow, unprofessional and did not make accommodations for even birthdays of the children or holidays. As a result of her testimony the children lost a parent, and were significantly emotionally harmed for close to five years. Petitioner believes a sentence of five years should be sufficient for Ms. Ramos to consider withdrawing from any other work with the county until she obtains her PHD, or is granted a special license to advise the court on home evaluations. Petitioner also seeks a director order to Travis County Domestic Relations, and the OAG's office to thoroughly review its own expert lists for those who are qualified to testify in the district court's. Petitioner believes like its private schools, the State is incurring damages to multiple parties for the same errors in lack of self-regulation which is required if the State wants to continually argue for 10th Amendment protections from the US government. Petitioner believes that the sitting governor is in fact an equivocator in this regard and sets a bad example for its courts. Petitioner believes both court experts, and Private Schools need to be regulated by an appropriate body. Petitioner believes this should be the TEA, and the OAG's office respectively. Both Institutions of the State and not the County. Petitioner therefore thinks that the State is also in error in this cause.

**REQUEST FOR DAMAGES FROM TRAVIS COUNTY, TEXAS**

Petitioner seeks damages against Travis as a co-defendant for ordering experts which were not qualified to perform the work ordered by the Court. Ms. Ramos was ordered by Judge Hathcock who had worked with Ms. Ramos before, and was in fact his own personal expert. Judge Hathcock continued to attempt to try causes inside the 345 District Court which had ordered the lower court only to review petitions for their suitability and not to take the causes on their own. This is the fourth incident involving the same judge which violated the 345th District Court's orders. This is a judicial complaint, where Petitioner requests that the court sign an administrative order preventing the Associate court from hearing his causes or those related to his family any more for any reason except for docket call announcements which he expects to run professionally as necessary.

**PRAYER**

Petitioner prays for the Court to Overturn the 345th District Court which does not meet the Evidentiary Standard of the State of Texas. Petitioner prays for a bench warrant for Ms. Iris Ramos. Petitioner Prays for Sanctions Against James Richardson, and Associate Judge Hathcock. Petitioner prays this court will clarify whether a District Judge in the State of Texas can retain cases and bypass the Court Administrator duly appointed to run these tasks in the County. Petitioner requests the court order the court reporter or Appellee to provide a copy of his previous transcript in this cause within ten days as he does not have the original which is in Mr. Richardson's possession. A copy of Judge Hathcocks transcript was admitted with a De Novo Appeal to the district court who sustained the original orders. Petitioner believes a standard of Plain Error (See NJ State Appellate Standards), or De Novo should be used in this cause.

Petitioner requests this court consider publishing its own Appellate Standards Handbook with relevant case law as the State of New Jersey Does as I believe this is helpful for both attorney's and laypersons alike for use in Texas. Petitioner has found no other examples in other states which is comparable.

John S. Stritzinger /S
2187 Kaylee
The Villages, FL 32162

**Affidavit of Petitioner**

"I swear to this court that no corporal punishment has been administered to the minor children by myself since the parties final degree of divorce in 2005, and therefore there is no reason for the county to have made any changes to the conservancy. Petitioner also advises the court as a Federal Officer he does not believe it is the State's right to regulate anything in one's home for those under 18 unless there is a competent professional expert who has documented significant harm to a child either physically with bruises or other impacts, or mentally with some other sort of torture.
 And Even if they do I believe the court still does not have the power except in very unusual cases to do anything other than change the conditions of the conservancy on the first offense. For Example, I

believe the court can order someone not to provide corporal punishment due to some previous expert testimony as a first offense. In this case nothing happened except two minors pulling hair in a moving automobile which impacted the driver. I do not believe that a child who can cause harm to either himself or others cannot be corrected in whatever way a parent may see fit unless a specific court order entered on second offense said not to. And even then I believe this is a contempt of court issue with a penalty of less than six months in jail. (See NC State Code) for examples. I believe there is no relevant statute which can be enforced.

I also believe that a man and his wife are one and the same under the law(and under God) and therefore you cannot harm yourself, but you can be committed for such an item for a period of time. I believe parties which are married can literally do anything they want to each other without restriction up until they legally separate, at which time all privileges of privacy, and physical protection apply under State Statute. I do recognize though the State may need to provide temporary shelters or other accommodations for those that need to.

 I also do not believe you can violate a guest's privacy or body in any way while they are a resident in your home for any reason. I do not believe the State has any right to do anything inside the confines of one's home without a specific search warrant and on specific grounds. I also believe that this should not and cannot be done Ex-parte as it is a Fifth Amendment Due Process problem. I believe the state if it needs to gather a search warrant needs to find a proxy to provide an appropriate debate of the application. This could be a Federal or State Public Defender or other member of the bar who has expertise in fourth amendment issues of the US Constitution and related Texas Constitutional Amendments. I believe the State of Texas Ex-Parte requests for surveillance and search warrants are illegal under the 5th Amendment to the US Constitution and under the Texas Constitution – Due Process. In a day when a GPS tracking device can deprive a party of all rights, and audio-relays can both listen and generate sounds in one's home it is fairly easy to both deprive one all their liberties, and to overwhelm their sensory abilities with modern wireless systems. I have noticed Virginia, Florida, and Texas law enforcement officers which have been literally torturing surveillance targets by interfering with their ability to Congregate peaceably. I look at depriving one their natural environment is a personal act of war on another human being and therefore is a First Amendment violation and on extreme cases an 8th Amendment violation for torture. I believe both Mr. Richardson, and the Texas State Police in this case have done the same using vehicles and field surveillance along with private contractors working for officers of Bank of America at an un-presented level that even FBI officers do not have. I also believe that there is no standard for investigation in most States which restrict the use of these tactics for field observation like there is with the FBI (See US v Jones). I would like to see this court order  that the (US v Jones – United States Supreme Court 2012 - 132 S. Ct. 945) mandate applies in Texas and to the Texas Law Enforcement community whether they are working inside the confines of Texas or in conjunction with another States Special Investigative unit.

My personal finding is that the State of Texas is an accessory to Felony Kidnapping using repetitive litigation and experts who are both biased and unqualified. I believe these issues have resulted in more than 10 Constitutional violations which I filed Criminal Charges against Judge Yelenosky in the US District

Court in South Carolina. Judge Wooten has overturned my recommendation and he was senior to myself. I have not decided whether I intend to reopen the cause or Appeal the cause which I have one year to do under FRP59 & FRP60."